**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4544**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DUJUAN VINCENT THOMAS, a/k/a Tone,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.   Irene M. Keeley, District Judge.  (1:11-cr-00093-IMK-JSK-1)

_____

Submitted:  February 26, 2013          Decided:  February 28, 2013

_____

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Roger D. Curry, CURRY AMOS & ASSOC., LC, Fairmont, West Virginia, for Appellant. Zelda Elizabeth Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

DuJuan Vincent Thomas pleaded guilty pursuant to a written plea agreement to aiding and abetting the distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (2006). He received a 151-month sentence. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether the district court complied with Fed. R. Crim. P. 11 when it accepted Thomas's guilty plea; and (2) whether the sentence imposed by the district court is reasonable. Thomas has filed a pro se supplemental brief. The Government declined to file a response. We affirm.

Because Thomas did not move to withdraw his plea, we review his Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Here, we find no error, as the district court fully complied with Rule 11 when accepting Thomas's plea. Given no indication to the contrary, we therefore find that Thomas's plea was knowing and voluntary, and, consequently, final and binding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

Next we review Thomas's sentence for reasonableness using an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires

2

us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include improperly calculating the advisory Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) sentencing factors, sentencing using clearly erroneous facts, or failing to adequately explain the sentence. Gall, 552 U.S. at 51. Only if we find a sentence procedurally reasonable may we consider its substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Thomas received a sentence of 151 months-at the lowest end of the Guidelines range. We discern no basis to conclude that Thomas's Guidelines sentence was either procedurally or substantively unreasonable.

Thomas's supplemental brief argued that his attorney was ineffective by stipulating in the plea agreement that Thomas was a career offender and in failing to object to the presentence report's career offender designation. He also contends that this failure rendered his plea involuntary. Thomas had four felony drug trafficking convictions and clearly qualified for the enhancement. The district court was very careful to ensure that Thomas was satisfied with counsel and had no comments or questions pertaining to the presentence report or the sentencing procedures. No ineffective assistance of counsel conclusively appears on the record. See United States v.

3

Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Finally, Thomas contends that he should have been sentenced under the 2012 Guidelines Manual instead of the 2010 Manual. The 2010 Manual was used instead of the 2011 edition because the 2011 edition added two provisions that would likely have increased Thomas's Guidelines range. The 2012 manual was not available at the time Thomas was sentenced, nor would it have been proper to use in calculating Thomas's sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Thomas's conviction and sentence. This court requires that counsel inform Thomas, in writing, of the right to petition the Supreme Court of the United States for further review. If Thomas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thomas. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED